## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

IN RE:

RESTIERI HEALTHCARE
SERVICES, LLC,

CASE NO.: 24-10070-KKS
CHAPTER: 11, Subchapter V

_____Debtor._____/

RESTIERI HEALTHCARE
SERVICES, LLC,

   Plaintiff,

v.

ADV. NO.: 24-01003-KKS

CRF SMALL BUSINESS LOAN
COMPANY, LLC,

   Defendant.

_____/

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF 1) *ORDER DENYING ALL INJUNCTIVE RELIEF REQUESTED* (AP No. 24-01003, ECF No. 31); 2) VACATING *ORDER GRANTING DEBTOR'S MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 2)* (AP No. 24-01003, ECF No. 12); AND *ORDER GRANTING CRF'S MOTION TO DISMISS (ECF No. 81)* (Case No. 24-10070, ECF No. 91)

THIS ADVERSARY PROCEEDING came before the Court on May 23, 2024, for a final evidentiary hearing on Debtor's *Motion for Preliminary Injunction with Supporting Memorandum of Law and*

*Request for Hearing* (ECF No. 2), the Court's *Order Granting Debtor's Motion for Preliminary Injunction (ECF No. 2)* (ECF No. 12), and the *Memorandum of Law in Opposition of [sic] the Debtor's Motion for Preliminary Injunction* (ECF No. 16) filed on behalf of Defendant, CRF Small Business Loan Company, LLC ("CRF"). Also before the Court in Debtor's Chapter 11 case, *In re Restieri Healthcare, LLC,* Case No. 24-10070-KKS, were continued hearings on Debtor's *Motion to Use Cash Collateral* (ECF No. 22) and *Motion for Order Determining that a Patient Care Ombudsman is Not Necessary* (ECF No. 51).

At the final evidentiary hearing, the Court received in evidence the Exhibits submitted by Plaintiff and Defendant,[1] heard testimony of Plaintiff's principal, Dr. Lawrence Restieri, and heard argument of Daniel Fogarty, counsel for Plaintiff, Kelly Roberts, counsel for CRF, Jarrett McConnell, Subchapter V Trustee in Debtor's Chapter 11 case, and Conor McLaughlin, Trial Attorney for the United States Trustee.

As the Court announced from the bench at the conclusion of the hearing, Plaintiff's request for injunctive relief in the form of extending

---

[1] *Exhibit List of Restieri Healthcare Services, LLC for May 14, 2024 Hearings*, ECF No. 20; *Amended Exhibit List for Final Evidentiary Hearing on Debtor's Motion for Preliminary Injunction (Doc. 2)*, ECF No. 23.

the automatic stay to non-debtors, Dr. Restieri and his spouse, and their properties, is due to be denied and this adversary proceeding is due to be dismissed. By agreement of the parties at the conclusion of the hearing, Debtor's Chapter 11 case is to be dismissed upon CRF's motion; the other pending motions are denied as moot.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and Northern District of Florida Standing Order of Reference dated June 5, 2012.[2] This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409. This decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND AND UNDISPUTED FACTS[3]

The Plaintiff in this adversary proceeding is Restieri Healthcare Services, LLC ("Debtor").[4] When Debtor filed its petition for relief under

---

[2] *Standing Order of Reference Regarding Title 11*, No. 4:95-mcr-40111-DJ (N.D. Fla. June 5, 2012).

[3] The facts derive from evidence and testimony at the hearing, and the Court having taken judicial notice of a proof of claim filed by CRF in Debtor's prior Chapter 11 case in the Bankruptcy Court for the Middle District of Florida.

[4] Restieri Healthcare Services, LLC is the Plaintiff in this adversary proceeding and the Debtor in *In re Restieri Healthcare Services, LLC*, Case No. 24-10070-KKS. Because the parties consistently refer to the Plaintiff as Debtor, and because the Court testimony and

Chapter 11, Subchapter V on March 29, 2024, it operated an outpatient chiropractic clinic in Alachua County, Florida. By the time of the final evidentiary hearing, Debtor had ceased all operations and was in the process of sending its few remaining patients elsewhere. Debtor owns no real property. Its only remaining assets comprise a small bank account balance; perhaps some minimal accounts receivable; and furniture, furnishings, and equipment. Debtor operated out of real property owned by its principal, Dr. Restieri. Dr. Restieri was the only chiropractor still with Debtor when it filed its petition; he is no longer practicing chiropractic medicine with, or seeing any patients of, Debtor.

Debtor, Dr. Restieri, and Dr. Restieri's spouse guaranteed an SBA loan with CRF. That loan is secured by mortgages on real property owned by Dr. Restieri and his spouse in Gainesville, Florida, Ellijay, Georgia, and St. Augustine, Florida. Dr. Restieri and his spouse own a separate homestead property that is not under lien to CRF.

In 2021, Debtor filed a Chapter 11 case in the Bankruptcy Court for the Middle District of Florida, Jacksonville Division. Debtor ultimately confirmed a consensual plan in that case, after which the bankruptcy

---

evidence were for this adversary proceeding and Debtor's administrative case, the Court will refer to Plaintiff, Restieri Healthcare Services, LLC, as Debtor throughout this ruling.

court closed that case by entry of a Final Decree in February of 2022. CRF filed a claim in Debtor's prior Chapter 11 case in the amount of $1,951,659.12. Debtor's confirmed plan provided that Debtor would pay CRF a secured claim in the principal amount of $486,466.07 in monthly payments amortized over fifteen (15) years at 5.25% interest and a (60) month balloon. In addition, Debtor was to pay the unsecured portion of CRF's claim, pro-rata with other unsecured claims, from projected disposable income through 2022–2024.

Debtor defaulted on its confirmed plan obligations to CRF by failing to make its payment due in June of 2022. CRF sued Debtor, Dr. Restieri and his spouse, and others in Alachua County, Florida, in May of 2023 seeking, among other things, to foreclose on the Gainesville and St. Augustine properties. CRF also commenced the process to conduct a non-judicial foreclosure sale of the Georgia property. Debtor filed its current case on Friday, March 29, 2024; the foreclosure sale of the Georgia property was scheduled for the following Tuesday, April 2, 2024.

Debtor filed the Complaint in the instant adversary proceeding, a motion for a preliminary injunction against CRF, and a request for an emergency hearing the same day it filed its bare-bones Chapter 11

petition.[5] At the conclusion of an emergency hearing held on April 1, 2024, the Court granted Debtor a temporary injunction staying the foreclosure sale of the Georgia property through a final evidentiary hearing. The Court entered an order confirming its bench ruling on April 9, 2024.[6]

At the beginning of the final evidentiary hearing, Debtor requested the Court to 1) order the parties to mediation, or in the alternative, order the parties and their counsel to a settlement conference; 2) grant Debtor's motion for authority to wind down its business in the administrative Chapter 11 case and authorize its limited use of cash collateral with which to do so; and 3) continue the preliminary injunction by preventing CRF from selling the Georgia property before Debtor's scheduled confirmation hearing, but permitting CRF to advertise the property for sale. Debtor also described likely changes to its small business plan of reorganization intended to make the plan terms more palatable to CRF.

---

[5] *[Emergency] Motion for Preliminary Injunction with Supporting Memorandum of Law and Request for Hearing*, ECF No. 2 ("Injunction Motion").

[6] *Order Granting Debtor's Motion for Preliminary Injunction (ECF No. 2)*, ECF No. 12 ("Temporary Injunction Order"). By the Temporary Injunction Order, the Court prohibited Debtor and its guarantors from transferring, disposing of or further encumbering any property subject to a lien in favor of CRF but did not stay CRF's Alachua County, Florida, lawsuit or efforts to foreclose on the Florida properties.

## DISCUSSION
## INJUNCTIVE RELIEF.

"'A preliminary injunction is an extraordinary remedy never awarded as of right,' . . . ."[7] The party seeking that remedy must satisfy a four part test.[8] In order to prevail, the party seeking the injunction must prove: 1) reasonable likelihood of success on the merits (here, Debtor confirming a Subchapter V plan); 2) irreparable injury if an injunction does not issue; 3) threatened injury to the movant would significantly outweigh injury to the opposing party; and 4) the injunction would not be adverse to the public interest.[9] Debtor argues that an injunction protecting Dr. Restieri, his spouse, and their property is necessary to enable them to donate the net proceeds from the sales of their properties, subject to CRF's liens, to fund Debtor's plan.

### Debtor has not shown a reasonable likelihood of success on the merits.

Substantial likelihood of success on the merits is generally the most important factor when determining whether to issue an injunction.[10] "[A]

---

[7] *Norwegian Cruise Line Holdings Ltd. v. State Surgeon Gen.*, 50 F.4th 1126, 1134–35 (11th Cir. 2022) (quoting *FTC v. On Point Cap. Partners LLC*, 17 F.4th 1066, 1078 (11th Cir. 2021)).
[8] *Id.* at 1135 (citing *Otto v. City of Boca Raton*, 981 F.3d 854, 860 (11th Cir. 2020)).
[9] *Id. See also Honeyfund.com, Inc. v. Governor*, 94 F.4th 1272, 1277 (11th Cir. 2024).
[10] *Vital Pharmaceuticals, Inc. v. Owoc (In re Vital Pharmaceutical)*, Case No. 22-17842-PDR, Adv. No. 23-1051-PDR, 2023 WL 3689540, at *4 (Bankr. S.D. Fla. May 26, 2023) (stating that

party seeking an injunction need not prove that success is certain. Instead, a substantial likelihood of success on the merits 'requires a showing of "only likely or probable . . . success.""[11]

Debtor has not shown either likely or probable success on the merits of confirming a successful Subchapter V plan. Debtor has nothing left to reorganize. Debtor is out of business. All of Debtor's assets, which include very little, are fully encumbered by, at minimum, an IRS lien.[12] Although Debtor operated an ongoing business when it filed its case, it currently has no chance to reorganize and nothing to reorganize with. Success of Debtor's plan is entirely dependent on two things: 1) Dr. Restieri and his spouse selling their Georgia and Florida properties and donating some of the sale proceeds to Debtor, and 2) Debtor resolving all disputes with CRF. Based on the testimony and argument at the final evidentiary hearing, neither of these events are remotely likely to occur.[13]

---

the plaintiff "must show it has a substantial likelihood of success on the merits, which 'is "generally the most important"' of the four factors." (citations omitted)).

[11] *Id.* at *4 (citation omitted).

[12] Dr. Restieri testified to the amount of the IRS claim, and the IRS has filed a claim in Debtor's Chapter 11 case. *See Claim 2-1, In re Restieri Healthcare Services, Inc.*, Case No. 24-10070-KKS (Bankr. N.D. Fla. May 2, 2024), p. 2.

[13] Although Debtor made its last payment to CRF in 2022, and Debtor and Dr. Restieri began in April 2024 proposing to sell or refinance their properties to fund a plan, by the date of the final evidentiary hearing Dr. Restieri had only listed one of the Florida properties for sale. Debtor's plan proposes that Debtor, Dr. Restieri, and his spouse will sell properties while retaining control of the prices, timing, and order of sales, pay CRF a certain sum of money,

<u>Debtor has not shown it will suffer irreparable injury if the
injunction does not issue.</u>

Irreparable harm is the *sine qua non* of injunctive relief.[14] Debtor
has not proved that it will suffer irreparable injury if the Court does not
grant the requested injunction. In fact, Dr. Restieri admitted on cross-
examination that Debtor will suffer no harm if the injunction does not
issue.

The evidence shows that the only parties that may be harmed
without the requested injunction are Dr. Restieri and his spouse. But not
even that harm would be irreparable. First, that harm can be measured
in money. "Mere injuries, however substantial, in terms of money, time
and energy necessarily expended in the absence of a stay, are not
enough."[15] Second, to prevent loss of their property without an injunction
Dr. Restieri and/or his spouse can file their own bankruptcy petition(s) to
invoke the automatic stay as to their properties.

---

and be released from all further liability to CRF. *Plan of Reorganization for Small Business
Under Chapter 11*, ECF No. 20, Ex. 7, pp. 7–8.

[14] *Vital Pharmaceuticals*, 2023 WL 3689540, at *5 (citing *GLE Scrap Metal, Inc. v. Tan*, 2023
WL 3220452, at *3 (11th Cir. May 3, 2023). *See also Ne. Fla. Chapter of Ass'n of Gen.
Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (holding that
plaintiff failed to prove irreparable injury, the Court stated: "The injury must be 'neither
remote nor speculative, but actual and imminent.'" (quoting *Tucker Anthony Realty Corp. v.
Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)).

[15] *GLE Scrap Metal, Inc.*, 2023 WL 3220452, at *3 (citing *City of Jacksonville*, 896 F.2d at
1285).

## No potential injury to Debtor can potentially outweigh the harm to CRF.

The Debtor in the instant action is at no danger of suffering any harm whatsoever in the absence of an injunction. Debtor has no chance of a successful reorganization, no income, and no unencumbered assets. Any injury due to lack of an injunction will be to Dr. Restieri and his spouse, who are not parties to this action and are not debtors in bankruptcy.

## Issuing an injunction under these facts could be adverse to the public interest.

Congress wrote the Bankruptcy Code's automatic stay provisions with specific purposes in mind. One of those purposes was not to extend the automatic stay of a Chapter 11 to a non-debtor guarantor. When Congress intended to include a stay against a co-debtor not in bankruptcy it said so; it included such stays under certain conditions in Chapter 12 and 13 cases.[16] As the Supreme Court has stated, "'[w]hen Congress includes particular language in one section of a statute but omits it in

---

[16] 11 U.S.C. §§ 1201(a) and 1301(a).

another section of the same Act,' we generally take the choice to be deliberate."[17]

Because the foreclosure sale of the Georgia property was scheduled to occur the next day, the Court issued an emergency preliminary injunction in favor of the Debtor to maintain the status quo as to the Georgia property until it could conduct and conclude an evidentiary hearing. The Court granted the emergency preliminary injunction based on Debtor's urging in the Injunction Motion that the Georgia and Florida properties were essential to a successful reorganization.[18] This was an appropriate step under the circumstances.[19]

Debtor now requests, essentially, a permanent injunction pursuant to 11 U.S.C. § 105(a), commonly known as the "all writs power,"[20] through

---

[17] *Badgerow v. Walters*, 596 U. S. 1, 11 (2022) (quoting *Collins v. Yellen*, 141 S. Ct. 1761, 1782 (2021)).

[18] "If CRF is successful [foreclosing on the properties], it will have catastrophic, deleterious effects on the Debtor's ability to reorganize. The Debtor will not have a source of funding for the Plan, will have to cease operations and stop treating patients. . . . Allowing CRF to attempt to proceed to judgment and foreclosure will prejudice the rights of all creditors and result in an unfair distribution of assets based on a race to the courthouse." ECF No. 1, ¶¶ 20, 21.

[19] *In re Melbourne Beach, LLC*, No. 6:17-bk-07975-KSJ, 2019 WL 10734362, at *2 (Bankr. M.D. Fla. Oct. 8, 2019) ("The 'unusual circumstances' needed to enjoin non-debtor litigation have included 'where stay protection was deemed essential to the debtor's efforts of reorganization . . . .'"). *See also Vital Pharmaceutical*, 2023 WL 3689540, at *7 ("The purpose of a preliminary injunction is to 'maintain the status quo' pending resolution of a parties' claims." (quoting *U.S. v. Lambert*, 695 F.2d 536, 539–40 (11th Cir. 1983)).

[20] 11 U.S.C. § 105(a) (a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code).

the date of its scheduled confirmation hearing. But no permanent injunction against non-debtor guarantors in Chapter 11 exists under the Code. The "all writs" power under Section 105(a) is not broad enough to support superimposing such an injunction onto the Bankruptcy Code under the facts of this case. While bankruptcy courts have enjoined litigation against non-debtors, usually guarantors of the debtor's debts, they have done so where the evidence shows the non-debtors can and will contribute financially, or are contributing essential time and services, to the debtor's reorganization.[21] One bankruptcy court noted that the question "is whether the injunction sought by [the Debtor] is likely to enhance the prospect for a successful resolution of the disputes attending its bankruptcy."[22] In that case the court found in favor of a temporary injunction because "the principals of the Debtor have put their money on the line . . . ."[23]

Such is not the case here. CRF's objection to confirmation of

---

[21] *See 1600 Hicks Rd. LLC v. EH Nat'l Bank (In re 1600 Hicks Rd. LLC)*, 649 B.R. 172, 180–81 (Bankr. N.D. Ill. 2003) (granting preliminary injunction to protect non-debtor guarantors based on its finding that their financial fates were "inextricably entwined." (collecting cases)).
[22] *Id.* at 175 (quoting *Caesars Ent. Operating Co., Inc. v. BOKF, N.A. (In re Caesars Ent. Operating Co., Inc.)*, 808 F.3d 1186, 1188 (7th Cir. 2015)).
[23] *Id.* at 183 (the principals had deposited $1,269,500 into an account for the purpose of funding the debtor's Chapter 11 plan). *See also H & H Fast Props. v. Toorak Cap. Partners, LLC (In re H & H Fast Props.)*, 657 B.R. 541 (Bankr. N.D. Ill. 2024).

Debtor's plan and motion to dismiss Debtor's case make clear that Debtor's proposed plan has not enhanced the prospect of a successful resolution of its disputes with CRF. Further, Dr. Restieri and his spouse have thus far put nothing on the line. To date they have listed only one of their properties for sale, put no cash on the table, and proposed a plan that gives them nine (9) months post-effective date within which to sell properties of their choosing while they maintain exclusive control of the properties and the sale process.

This is Debtor's second attempt to restructure its and the guarantors' debt to CRF in Chapter 11. Although the Court is not unsympathetic to Dr. Restieri's health issues,[24] neither Debtor nor the Restieris have made progress toward selling the properties, funding a plan, or paying anything on the CRF claim since Debtor defaulted on its prior confirmed plan almost two years before it filed the instant case.

"There is persuasive authority to support the proposition that in a Chapter 11 reorganization case the Bankruptcy Court may use its power granted by § 105 to *temporarily* protect non-debtors by injunctive

---

[24] Dr. Restieri suffered a heart attack after Debtor's prior Subchapter V plan was confirmed and has since been diagnosed with A-Fib. ECF No. 1, ¶ 11; Dr. Restieri's testimony at the final evidentiary hearing.

relief."[25] Debtor has now had the benefit of just such a temporary injunction. To grant the additional injunctive relief that Debtor seeks, which is to continue extending the automatic stay to non-debtors without adequate grounds, would be an inappropriate remedy.

CONCLUSION

Debtor has failed to prove any of the four (4) factors necessary to issuance of an injunction. For that reason, as announced at the conclusion of the final evidentiary hearing, Debtor's Injunction Motion is due to be denied, the preliminary Injunction Order is due to be vacated, and this adversary proceeding and Debtor's Chapter 11 case are due to be dismissed.

The Clerk is authorized and directed to docket a copy of this Order in *In re Restieri Healthcare Services, Inc.*, Case No. 24-10070-KKS.

DONE and ORDERED on_____May 29, 2024_____.

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

cc: all parties in interest

---

[25] *Regency Realty Assocs. v. Howard Fertilizer, Inc. (In re Regency Realty Assocs.)*, 179 B.R. 717, 719 (Bankr. M.D. Fla. 1995) (emphasis added).